IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 17-CR-00483-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARCUS RASHAD COMBS,
2. THIERRY SHAQUR ROBERSON, and
3. **BRANDON L. LANKING,**

    Defendants.

## UNOPPOSED MOTION FOR COMPETNECY EVALUATION

Brandon Lanking, by and through his counsel, Jane Fisher-Byrialsen, hereby moves this Court for an Order authorizing a psychiatric or psychological examination of Mr. Lanking by a certified psychiatrist of psychologist for the purpose of determining whether he suffers from a mental disease or defect, and to thereafter set a hearing to determine his competency to proceed, pursuant to 18 U.S.C. Section 4241(a), (b) and (c), and 18 U.S.C. Section 4247(b) and (c). In support thereof, Mr. Lanking states as follows:

1. **Factual Evidence of Competency Concerns**

Undersigned counsel has met with Mr. Lanking on many occasions. Based on undersigned counsel's interactions with Mr. Lanking, as well as reports regarding Mr. Lanking's interactions with undersigned counsel's paralegal, investigator and mitigation specialist, counsel

1

has reason to believe that Mr. Lanking is suffering from a mental disease or defect that could render him mentally incompetent to the extent that he is unable to fully understand the nature and consequences of the proceedings against him or to be able to assist properly in his own defense. This concern has been bolstered by the review of the medical reports obtained by counsel from the various Colorado State Department of Corrections facilities where Mr. Lanking has been house.[1] Additionally, at undersigned counsel's request, Mr. Lanking was examined by Dr. Jeffrey C. Rouse, M.D. a forensic psychiatrist, for 12 hours over a span of two days. Dr. Rouse found in no uncertain terms that Mr. Lanking was not competent. Furthermore, undersigned counsel received a telephone call from an agent with the United States Marshall Service[2], who oversaw the moving of Mr. Lanking from one location to another. That U.S. Marshall described to me an instance in which they attempted to move Mr. Lanking from Denver County Jail to the Douglas County jail as follows: When the U.S. Marshall came to Mr. Lanking's cell to inform him he was being moved from Denver County Jail to Douglas County Jail, Mr. Lanking refused to go with them. Mr. Lanking persisted in his refusal for some time. Eventually, Mr. Lanking reportedly ripped off all this clothing and sat naked in the corner of his cell next to the toilet, Mr. Lanking rocked himself and was crying while he wrapped his feet in toilet paper.[3]

Attorney-client privilege and confidences prevent further disclosures. However, given counsel's concerns based on personal observations and based further on a review of Mr. Lanking's records, Dr. Rouse's findings, and the incident described by the United States

---

[1] At his most recent detention facility Mr. Lanking was prescribed 40 mg of Prozac and 200 mg of Serouquel a day.
[2] When undersigned counsel had this conversation with the United States Marshall she was driving and therefore was not able to write down the Marshall's name. Undersigned counsel has requested that the government provide counsel with the name(s) of the United States Marshalls assigned to Mr. Lanking's case.
[3] Undersigned counsel does not believe this information to be attorney client privilege as it was relayed to counsel through a third party who was the observer of said behavior.

Marshall, the defense requests the Court to order a psychiatric or psychological evaluation for purposes of determining competency.

**2. Requests for Evaluation**

Pursuant to 18 U.S.C. Section 4247(b), and for the purposes of conducting this examination, counsel requests that the defendant be committed to the custody of the United States Attorney General for a reasonable period, not to exceed 30 days, unless an extension is appropriately sought pursuant to the provisions of the same statute.

Pursuant to 18 U.S.C. Section 4247(c), counsel further requests the Court to direct the preparation of a written report and that, once completed, copies of the report be delivered *directly* to undersigned counsel, Assistant United States Attorney Kurt Bohn, and this Court.

Counsel also requests that the Court order counsel to contact Chambers to set a date for a hearing on Mr. Lanking's competency once the report has been delivered to all parties.

Finally, counsel requests that the Court order that, unless impracticable, the psychiatric and psychological examination be conducted in a suitable facility closest to the Court.

Undersigned counsel has conferred with AUSA Kurt Bohn, who has no objection to this motion.

RESPECTFULLY SUBMITTED,

/s/ *Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237
T: (303) 256-6345
C: (202) 256-5664
Jane@FBLaw.org
Attorney for Mr. Brandon Lanking

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2018, I electronically filed the foregoing **Unopposed Motion for Competency Evaluation** with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to all parties via email.

/s/ *Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse Street, 9th Floor
Denver, CO 80237
T: (303) 256-6345
C: (202) 256-5664
Jane@FBLaw.org
Attorney for Mr. Brandon Lanking